**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SALVADOR NICOLA NEGRETE, IV, | No. 12-17785 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-03436-RS |
| v. | |
| G. D. LEWIS, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted September 23, 2014[**]

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

California state prisoner Salvador Nicola Negrete, IV, appeals pro se from

the district court's summary judgment in his 42 U.S.C. § 1983 action alleging due

process violations arising out of his two-year placement in the prison's modified

program.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

*Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013), and we affirm.

The district court properly granted summary judgment on the basis of qualified immunity because during his two-year placement in the prison's modified program, it would not have been clear to a reasonable prison official in defendant's position that the curtailment of certain privileges and services, including exercise for varying periods of time, in response to repeated incidents of prison violence, was unconstitutional. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (defendants are entitled to qualified immunity where there is no violation of plaintiff's constitutional right or the right at issue was not "clearly established"); *see also Noble v. Adams*, 646 F.3d 1138, 1148 (9th Cir. 2011) (prison officials were entitled to qualified immunity because it would not have been clear to a reasonable officer that the declaration of an emergency, a lockdown, or the curtailment of the use of the exercise yard for nearly seven months was an unlawful response to a violent prison riot); *Norwood v. Vance*, 591 F.3d 1062, 1069 (9th Cir. 2009) (when a prison lockdown is in response to a genuine emergency, this court "may not lightly second-guess officials' expert judgments about when exercise and other programs [can] . . . safely be restored").

We do not consider Negrete's arguments regarding his First and Eighth Amendment claims and his equal protection claim because they were not

adequately presented to the district court. *See Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) (en banc) (when the necessary factual allegations to state a claim are not in the complaint, "raising . . . [these allegations] in a summary judgment motion is insufficient to present the claim to the district court").

We do not consider Negrete's arguments regarding leave to amend and the denial of his motion for reconsideration because they were raised for the first time in his reply brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED**.